# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SUSAN DUNHAM,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0511** (BOR Appeal No. 2050056)
                    (Claim No. 2013009783)

**MARSHALL COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Susan Dunham, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Marshall County Board of Education, by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 1, 2015, in which the Board affirmed a November 17, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 23, 2014, decision denying a request for an MRI of the right shoulder. It also affirmed the claims administrator's May 28, 2014, decision denying a request to reopen the claim for treatment and disability of the shoulder. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Dunham, a bus driver for Marshall County Board of Education, was rear-ended on October 9, 2012. A report from Reynolds Memorial Hospital stated that Ms. Dunham was seen due to neck, back, and right arm pain after the accident. On October 15, 2012, Ms. Dunham submitted a report of injury. Ms. Dunham alleged that her neck, back, and right arm were injured as a result of the accident. She was treated the day of the accident and diagnosed with a cervical

1

sprain/strain due to the accident. Then on October 25, 2012, the claims administrator held the claim compensable for sprain of the neck and lumbosacral sprain. The claims administrator did not find that the conditions of muscle spasm, somatic dysfunction of the lumbar region, or somatic dysfunction of the lumbar cervical region were compensable.

On November 19, 2012, a cervical MRI revealed straightening of the curvature of the spine, intact vertebrae, and intact intervertebral disc spaces. There was no posterior paravertebral soft tissue swelling. There was normal cord size and signal intensity with no spinal stenosis or neural foraminal encroachment. In a report dated December 31, 2012, Sushil Sethi, M.D., who performed an independent medical evaluation, stated that Ms. Dunham was at maximum medical improvement and suffered from 5% whole person impairment.

Ms. Dunham was also evaluated by Anna Allen, M.D., who diagnosed a lumbar sprain, neck sprain, shoulder sprain, and thoracic outlet syndrome. The plan was to refer her to physical therapy. Dr. Allen opined that she needed treatment to manage thoracic outlet type symptoms, which could be caused by motor vehicle accidents. She further opined that suspect symptoms will resolve with proper period of physical therapy of around six to eight weeks. However, she opined that the claimant could continue working full duty. Dr. Allen requested the medication Robaxin to treat a cervical sprain and a shoulder sprain. By Order dated March 17, 2013, the claims administrator denied the request for physical therapy and an EMG of the bilateral upper extremities as well as denied the request to add thoracic outlet syndrome and a shoulder sprain as a compensable components of the claim.

In a March 19, 2013, physician's review, Prasadarao Mukkamala, M.D., opined that Ms. Dunham had reached maximum medical improvement when she was evaluated by Dr. Sethi in December of 2012. He noted that Dr. Allen found tenderness in the right shoulder and the right pulse was decreased when the right arm was elevated. She requested an EMG and physical therapy. Dr. Mukkamala found there is no causal relationship between Ms. Dunham's current complaints and the compensable injury. He recommended denying the physical therapy and EMG.

In a report dated July 11, 2013, Dr. Bruce Guberman, M.D., who performed an independent medical evaluation of Ms. Dunham, opined that Ms. Dunham had reached maximum medical improvement and suffered from 17% whole person impairment. Dr. Guberman submitted a diagnosis update, which listed the compensable conditions as cervical sprain, lumbar sprain, right shoulder sprain, and thoracic outlet syndrome. Ms. Dunham testified in a deposition on August 28, 2013, that she was involved in an accident on October 9, 2012, while driving a school bus. She was stopped at a red light waiting to make a left hand turn and the vehicle behind her rear-ended the bus. It jerked her, and she felt tightening in her neck as well as pain, numbness, and tingling down her right arm. She was able to continue driving. She went to Reynolds Memorial Hospital a couple days after the incident to receive medical treatment. They performed an x-ray of her neck and back and gave her medications. She was told to follow-up with her family doctor. She testified that by the time she went to the hospital her neck, right arm, right shoulder, and lower back were hurting with sharp, intense, throbbing pain. She was referred to Dr. Nardone, a chiropractor. He performed x-rays and sent her for an MRI on

November 19, 2013. She was treated for about six weeks; however, she did not feel he was helping her. She was taken off work from October 10, 2012, through December 17, 2012. Dr. Nardone released her to return to work on December 17, 2012. She then started treating with Dr. Allen in Morgantown in February of 2013. Dr. Allen recommended eight weeks of physical therapy and an EMG. Ms. Dunham started physical therapy; however, she did not complete it due to work. Her EMG was denied as she was found to be at maximum medical improvement by Dr. Sethi. Ms. Dunham acknowledged that on January 29, 2013, she had another accident in which a vehicle hit the front of the bus she was driving. She saw Dr. Wayt, her family doctor, and he sent her to Ohio Valley Medical Center where she was diagnosed with a neck and back sprain. Her symptoms from the accident lasted for months, and she underwent physical therapy at Reynolds Memorial Hospital for this injury.

In an October 28, 2013, report, Victoria Langa, M.D., who performed an independent medical evaluation of Ms. Dunham, opined that the diagnoses should be cervical sprain and lumbar sprain. Dr. Langa noted a specific right shoulder injury that was not documented following the motor vehicle accident of October 9, 2012. Ms. Dunham had complaints with regard to her right shoulder after her second motor vehicle accident on January 29, 2013. She stated that she does not believe she told Dr. Allen about the subsequent motor vehicle accident. Dr. Langa opined the denial for the added diagnosis of thoracic outlet syndrome was correct. Further, the denial of the diagnosis of shoulder strain for the October 9, 2012, claim was also correct. She found the physical therapy recommended by Dr. Allen should be denied because its need would be due to the last motor vehicle accident and not her compensable one. Dr. Langa found the need for the EMG was due to the compensable injury as well as the subsequent February 2013 injury. On May 23, 2014, the claims administrator denied a request for an MRI of the right shoulder. On May 28, 2014, the claims administrator denied a request to reopen the claim for treatment and disability of the shoulder.

The Office of Judges determined that an MRI of the right shoulder was not medically related and reasonably required to treat Ms. Dunham's compensable injury in its November 17, 2014, Order. The Office of Judges noted that no shoulder injury has been found to be compensable in the subject claim. The Office of Judges further noted that the medical evidence demonstrated that Ms. Dunham's shoulder symptoms arose after the compensable injury due to her January 29, 2013, motor vehicle accident. As a result of finding that no right shoulder injury was part of the claim, the Office of Judges also denied the request for treatment and disability related to it. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on May 1, 2015.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. A right shoulder injury has never been accepted as a compensable condition in this claim. There is also evidence that the right shoulder issues were brought about by a separate injury. Therefore, it was not in error for the Office of Judges and Board of Review to reject the request for an MRI, additional treatment, and disability related to it.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4